1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 FOR THE WESTERN DISTRICT OF WASHINGTON

9 SEATTLE DIVISION

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. a New Jersey corporation, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | *Theft of Satellite or Cable Signal* (47 U.S.C. § 605; or, in the alternative 47 U.S.C. § 553) and *Trespass of Chattel* |
| CAFECONLECHE INCORPORATED, a Washington corporation, d/b/a Club Sur; and FRANCISCO BONIFAZ CHAVEZ, and the marital community thereof | |
| Defendants. | |

18 PLAINTIFF ALLEGES:

19 **JURISDICTION**

20     1.     Jurisdiction is founded on the existence of a question arising under particular

21 statutes. This action is brought pursuant to several federal statutes, the federal Communications

22 Act of 1934, as amended, 47 U.S.C. § 605, et seq., and, in the alternative, The Cable &

23 Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, et

24 seq.

25     2.     This Court has jurisdiction of the subject matter of this action pursuant to 28

26 U.S.C. § 1331, which states that the District Courts shall have original jurisdiction of all civil

COMPLAINT - 1

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

1   actions arising under the Constitution, laws, or treaties, of the United States. This Court has

2   subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental

3   jurisdiction).

4       3.      This Court has personal jurisdiction over the parties in this action as a result of the

5   Defendants' wrongful interception, reception, publication, display, exhibition, and taking of

6   Plaintiff's property in the State of Washington which violated Plaintiff's rights as the exclusive

7   commercial distributor of the televised fight program described below.

8                                        **VENUE**

9       4.      Pursuant to 47 U.S.C. § 605 and § 553, venue is proper in the District of

10  Washington, because a substantial part of the events or omissions giving rise to the claim

11  occurred in this District.

12                          **INTRA-DISTRICT ASSIGNMENT**

13      5.      Assignment to the Seattle Division of the District of Washington is proper

14  because a substantial part of the events or omissions giving rise to the claim occurred in King

15  County, and/or the United States District Court for the District of Washington has decided that

16  suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

17                                    **THE PARTIES**

18      6.      Plaintiff, INNOVATIVE SPORTS MANAGEMENT, INC. is, and at all relevant

19  times mentioned was, a New Jersey corporation with its principal place of business located at 64

20  North Summit Street, Suite 218, Tenafly, New Jersey.

21      7.      Defendant CAFECONLECHE INCORPORATED (at times "Corporate

22  Defendant") is a Washington corporation registered under the Secretary of State's Unified

23  Business Number 603-144-212, at all material times it was and is doing business under name

24  "Club Sur," (hereinafter the "Business") at 2901 First Avenue South, Seattle, Washington,

25  98134, King County, (at times the location will be called the "Commercial Establishment").

26      8.      At all times material hereto, Corporate Defendant was the holder and licensee of

COMPLAINT - 2

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

1    the Washington liquor license number 403689

2        9.      FRANCISCO BONIFAZ CHAVEZ ("Chavez") is an individual specifically

3    identified as the president and governor of Corporate Defendant. *See* Washington Department of

4    Revenue Business Lookup Unified Business Number 603-144-212[1].

5        10.    To the extent Chavez's violation of the statutes referenced herein has been in the

6    furtherance of a marital community, all relief sought against Chavez is sought against him and

7    his marital community.

8                             **COUNT I**

9                  **(Violation of Title 47 U.S.C. § 605)**

10       11.    Plaintiff hereby incorporates by reference all of the allegations contained in

11    paragraphs 1-10, inclusive, as though set forth herein at length.

12       12.    Pursuant to contract, Plaintiff was granted the exclusive nationwide commercial

13    distribution ("closed-circuit") rights to Peru v. Iceland International Friendly Soccer Game

14    telecast nationwide on Tuesday, March 27, 2018, which included all under-card bouts and fight

15    commentary encompassed in the television broadcast of the event, herein referred to as the

16    "Program."

17       13.    Pursuant to its distribution contract, Plaintiff was able to and did enter into

18    subsequent sublicensing agreements with various commercial entities throughout North America,

19    including entities within the State of Washington, by which it granted, for a fee, those entities

20    limited sublicensing rights, specifically the right to publicly exhibit the Program within their

21    respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos,

22    bars, taverns, restaurants, social clubs, etc.), such as the Corporate Defendant's Commercial

23    Establishment.

24       14.    As a commercial distributor and licensor of sporting events, including the

25    Program, Plaintiff expended substantial monies marketing, advertising, promoting,

26

[1] Available at https://ccfs.sos.wa.gov/#/BusinessSearch/BusinessInformation

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135

1    administering, and transmitting the Program to its customers, the aforementioned commercial

2    entities.

3          15.     Plaintiff is informed and believes, and alleges thereon, that the Corporate

4    Defendant was at all material times the owner of the Business with dominion, control, oversight

5    and management of the Business.

6          16.     Plaintiff is informed and believes, and alleges thereon that Chavez individually

7    and as the President of the Corporate Defendant, is one of the persons in charge with dominion,

8    control, oversight, and management of the Business.

9          17.     Plaintiff is informed and believes, and alleges thereon that on the night of

10   Program, Chavez, individually and as the President of the Corporate Defendant, had the right and

11   ability to supervise the activities of the Business, which included the unlawful interception and

12   display of the Program, and, among other responsibilities, the obligation to ensure that the liquor

13   license was not used in violation of law.

14         18.     Plaintiff is informed and believes, and alleges thereon that on the night of the

15   Program, Chavez actively and consciously and specifically directed or permitted the employees

16   of the Business to unlawfully intercept and broadcast Plaintiff's Program at the Commercial

17   Establishment, or intentionally intercepted, and exhibited the Program at the Commercial

18   Establishment himself.  The actions of the employees of the Business are directly imputable to

19   Chavez by virtue of his responsibility for the operation of the Business.

20         19.     Plaintiff is informed and believes, and alleges thereon that Chavez had a strong

21   obvious and direct financial interest in the revenue generated from the potential and actual

22   increased patronage of the Business, in the form of sales, tips, and other related income, from

23   allowing or enabling the unlawful interception of Plaintiff's Program.  That financial interest

24   included increased profits.

25         20.     On March 27, 2018, the Program was exhibited at the Commercial Establishment

26   on one or more televisions.  It was exhibited for the enjoyment of the patrons of the Business in

COMPLAINT - 4

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile:  (503) 273-9135

1  order to generate revenue for the Business.

2      21.    Defendants did not pay Plaintiff the required fee to exhibit the Program at the

3  Commercial Establishment.  Without paying Plaintiff for the right to exhibit the Program,

4  Defendants had no right to exhibit the Program at the Commercial Establishment.

5      22.    The only way Defendants could have exhibited the Program at the Commercial

6  Establishment was through either the satellite or cable transmission of the Program.  The only

7  way the Defendants could exhibit the Program without paying Plaintiff the required fee for a

8  commercial establishment was to unlawfully intercept that transmission, including paying for the

9  right to view the Program at a residence and then diverting the transmission to the Business.

10      23.    Upon information and belief, the Defendants received the transmission of the

11  Program for commercial exhibition.

12      24.    With full knowledge that the Program was not to be intercepted, received,

13  published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so,

14  each and every one of the above-named Defendants, either through direct action or through

15  actions of employees or agents directly imputable to Defendants, did unlawfully intercept the

16  satellite transmission of Program and exhibit the Program at the time of its transmission at the

17  Commercial Establishment for the direct financial benefit of the Business and Chavez.

18      25.    47 U.S.C. § 605, et seq. prohibits the unauthorized publication or use of satellite

19  communications (such as the transmission of the Program for which Plaintiff had the commercial

20  distribution rights).

21      26.    By reason of the aforesaid mentioned conduct, Defendants, and each of them,

22  violated 47 U.S.C. § 605, et seq.

23      27.    Said interception and exhibition of the Program by the Defendants was done

24  willfully, i.e., actively, consciously and with specific intent.

25      28.    Said unauthorized interception and exhibition of the Program by each of the

26  Defendants was done for purposes of direct and indirect commercial advantage and private

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile:  (503) 273-9135

1  financial gain.

2     29.     By reason of the Defendants' violation of 47 U.S.C. § 605, et seq., Plaintiff has the

3  private right of action pursuant to 47 U.S.C. § 605.

4     30.     As the result of the aforementioned Defendants' violation of 47 U.S.C. § 605, and

5  pursuant to said § 605, Plaintiff is entitled to the following from each Defendant:

6           a.     Statutory damages for each violation in an amount of not less than $1,000,

7                  and up to $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and also

8           b.     Statutory damages for each willful violation for commercial advantage or

9                  private financial gain in an amount up to $100,000.00 pursuant to 47

10                 U.S.C. § 605(e)(3)(C)(ii), and also

11          c.     Recovery of full costs, including reasonable attorney fees, pursuant to 47

12                 U.S.C. § 605(e)(3)(B)(iii).

13                                  **COUNT II**

14                       **(Violation of Title 47 U.S.C. § 553)**
                         **(Alternative Claim to Count 1)**
15
      31.     Plaintiff hereby incorporates by reference all of the allegations contained in
16
   paragraphs 1-32, inclusive, as though set forth herein at length.
17
      32.     The unauthorized interception and exhibition of the transmission of the Program
18
   by Defendants was prohibited by 47 U.S.C. § 553, et seq.
19
      33.     By reason of the aforesaid-mentioned conduct, Defendants violated Title 47
20
   U.S.C. § 553, et seq.
21
      34.     By reason of Defendants' violation of 47 U.S.C. § 553, et seq., Plaintiff has the
22
   private right of action pursuant to 47 U.S.C. § 553.
23
      35.     As the result of Defendants' violation of 47 U.S.C. § 553, Plaintiff is entitled to
24
   the following from each Defendant:
25
           a.     Statutory damages for each violation in an amount of not less than $250 up
26
                  to $10,000.00 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii); and also

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile:  (503) 273-9135

b.      Statutory damages for each willful violation for commercial advantage or private financial gain in an amount up to $50,000.00 pursuant to 47 U.S.C. § 553(c)(3)(B); and also the recovery of full costs pursuant to 47 U.S.C. § 553(c)(2)(C); and also

c.      Plaintiff's reasonable attorney fees, in the discretion of this Court, pursuant to 47 U.S.C. § 553(c)(2)(C).

**COUNT III**
**(Trespass of Chattel)**

36.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-35, inclusive, as though set forth herein at length.

37.     The Program was, for the purpose of distribution, transmission, and broadcast at a domestic commercial establishment, Plaintiff's property.  Defendants willfully took and appropriated Plaintiff's property for their financial gain.  They did so without permission of Plaintiff because they did not pay for the privilege of using the Program.  Defendants intended to and did gain financially from that use of Plaintiff's property.  Plaintiff was damaged in the amount of $1,500, although Plaintiff reserves the right to amend this Complaint to increase that amount, or prove a different amount at trial.

WHEREFORE, Plaintiff prays for judgment as follows:

As to the First Count against each defendant, jointly and severally:

1.      For statutory damages in the amount of $20,000 for willful violation of 47 U.S.C. § 605, et seq. if Defendants elect not to answer or oppose this complaint.  If Defendants oppose this complaint, Plaintiff asks this Court to award up to the full amount of statutory damages, or $110,000.00, against Defendants, and each of them;

2.      For reasonable attorney fees, as mandated by statute;

3.      For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile:  (503) 273-9135

1      4.     For such other and further relief as this Court may deem just and proper.

2    <u>In the alternative to Count 1, as to the Second Count against each defendant, jointly and</u>

3    <u>severally</u>:

4      If Defendants do not answer this complaint and judgment is awarded under Count 1, then

5    Plaintiff will not request judgment on Count 2. If, however, Defendants answer this complaint

6    and it is determined that Defendants intercepted and exhibited the cable transmission of the

7    Program, then Plaintiff prays for judgment as follows:

8      1.     For statutory damages under 47 U.S.C. § 553, et seq. in the amount of $60,000.00

9             against Defendants, and each of them;

10      2.     For reasonable attorney fees as may be awarded in the Court's discretion pursuant

11             to statute;

12      3.     For all costs of suit, including but not limited to filing fees, service of process

13             fees, investigative costs; and

14      4.     For such other and further relief as this Court may deem just and proper.

15    <u>As to the Third Count against each defendant, jointly and severally</u>:

16      1.     For Plaintiff's damages in the amount of $1,500, or in an amount to be proved at

17             trial;

18      2.     For all costs of suit, including but not limited to filing fees, service of process

19             fees, investigative costs, and attorney fees if allowed by law; and

20      3.     For such other and further relief as this Court may deem just and proper.

21    Dated: March 25, 2020.      Respectfully submitted,

22                       WYSE KADISH LLP

23                        */s/ Bruce H. Orr*

24                        Bruce H. Orr, WSB No. 19147
                              bho@wysekadish.com
                              Of Attorneys for Plaintiff

25

26

WYSE KADISH LLP
Suite 2000
900 SW Fifth Avenue
Portland, Oregon 97204
(503) 228-8448
Facsimile: (503) 273-9135