UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INNOVATIVE SPORTS MANAGEMENT, INC,. a New Jersey corporation,

    Plaintiff,

v.

CAFECONLECHE INCORPORATED, a Washington corporation, d/b/a Club Sur; and FRANCISCO BONIFAZ CHAVEZ, and the marital community thereof,

    Defendants.

No. C20-449-RSM

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

This matter comes before the Court on Plaintiff Innovative Sports Management, Inc.'s Motion for Attorney Fees. Dkt. #29. On April 14, 2021, the Court granted Plaintiff's Motion for Default Judgment against Defendants Cafeconleche Inc., d/b/a Club Sur, and the marital community of Francisco Bonifaz Chavez based on claims under 47 U.S.C. § 605 and directed Plaintiff to file a separate motion for attorney's fees. Dkt. #25.

District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id.* at 977.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES - 1

The Court finds that Plaintiff is entitled to fees as the prevailing party pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), and has set forth adequate evidence to support an hourly rate of $350 for Plaintiff's attorney and $175 for a paralegal. The total requested loadstar amount of $10,412, however, is based on an unreasonable number of hours billed in this straightforward case. The Court agrees with Defendants that this was a "cookie cutter" case for Plaintiff's counsel with indications of recycled briefing. *See* Dkt. #31 at 3 (noting that Plaintiff's motion "made repeated citation to a 'Declaration of Doug Jacobs' and to 'Mr. Gagliardi's affidavit,' while no such documents were actually filed."). Plaintiff's counsel has handled several other similar 47 U.S.C. § 605 cases in this District with default judgments. The number of hours billed in this case is significantly higher than those other cases and reflects an unreasonable amount of work given Plaintiff's prior familiarity with the necessary briefing. The Court declines to go through Plaintiff's billing entries line by line and will instead reduce the overall award by ten percent.

Finally, the Court notes that the amount of attorney time spent in this case was unreasonable given the available statutory damages and the damages ultimately awarded.

Accordingly, the Court hereby finds and ORDERS that Plaintiff's Motion for Attorney Fees, Dkt. #29, is GRANTED IN PART. Defendants shall pay Plaintiff $9,371.25 as an attorney fee award. Costs have been addressed in a separate Order, Dkt. #33, and the Court declines to award additional costs.

DATED this 1st day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES - 2